Ortiz-Chusino v. Blanche

BIA
Drucker, IJ
A220 446 759
A220 996 845/846/897

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
>  RAYMOND J. LOHIER, JR.,
>  *Chief Judge,*
>  GUIDO CALABRESI,
>  MYRNA PÉREZ,
>  *Circuit Judges.*

_____

CHRISTIAN ALEXANDER ORTIZ-CHUSINO, ANA GABRIELA SIGUENZA-QUITO, K.A.O.S., M.A.O.S.,
> *Petitioners,*

> v.                                                     **24-27**
>                                                         **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:** Stuart Goldberg, Umit Gursoy, Gursoy Law Firm, P.C., Brooklyn, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Christian Alexander Ortiz-Chusino, Ana Gabriela Siguenza-Quito, and their minor children, natives and citizens of Ecuador, seek review of a November 29, 2023, decision of the BIA affirming an August 2, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Christian Alexander Ortiz-Chusino, et al.*, Nos. A220 446 759, A220 996 845/846/897 (B.I.A. Nov. 29, 2023), *aff'g* Nos. A220 446 759, A220 996 845/846/897 (Immigr.

---

\* The Clerk of Court is directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

N.Y.C. Aug. 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution "'on account of race, religion, nationality, membership in a particular social group, or political opinion'" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quoting 8 U.S.C. § 1101(a)(42)); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A), (C). "A protected ground cannot be 'incidental' or 'tangential' to another reason for harm." *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (quoting *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A 2007)). The agency was not compelled

to conclude that Petitioners' proposed social groups or imputed political opinions were central reasons they were targeted because they alleged only that gang members were motivated by criminal incentives of recruiting people to assist them in trafficking drugs. *See id.*; *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) ("[T]he fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." (quoting *Matter of L-E-A*, 27 I. & N. Dec. 40, 44–46 (B.I.A. 2017))); *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021) ("[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction."); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

Because Petitioners did not satisfy their burden of showing a nexus to a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A), (C). We do

4

not reach the agency's other findings because the nexus finding is dispositive of asylum and withholding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Petitioners have abandoned CAT relief by not addressing it in their brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court